UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JULIAN DEJESUS

     Plaintiff,

   -against-

THE CITY OF NEW YORK, and SERGEANT
CARLOS ROBERTS in his individual capacity,

     Defendants.

-----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

   Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4. Plaintiff Julian DeJesus invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 and requests that this Court exercise jurisdiction over his state common law claims.

5. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Southern District of New York as events forming the basis of the Complaint occurred in this District.

## PARTIES

6. Plaintiff Julian DeJesus is an Hispanic male and at all times relevant was a resident of the County, City and State of New York.

7. Defendant the City of New York, (hereinafter NYC) is a Municipal Corporation within New York State.

8.   Pursuant to §431 of its Charter, NYC has established and maintains the NYC Department of Police (NYPD) as a constituent department or agency.

9.   Defendant Sergeant Carlos Roberts was at all times relevant a duly appointed employee of the NYPD and upon information and belief he was assigned to PSA4 and is sued herein in his individual capacity.

## NOTICE OF CLAIM

10.   On or about February 9, 2016 and within ninety days after his state claims arose, plaintiff filed a Notice of Claim upon the defendant NYC.

11.   To date, the defendant NYC has neither noticed nor conducted plaintiff's 50-h.

12.   More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

13.   This action was commenced within one year and ninety days of the occurrence of the events giving rise to the state claims and within three years of when plaintiff's federal causes of action arose.

14.   The defendant NYC is vicariously liable to the plaintiff, via the principle of *respondeat superior* for the common law torts committed by Sergeant Carlos Roberts and all other employees of the defendant NYC who may have committed such torts resulting in plaintiff's harms.

15.   At all times during this incident Sergeant Carlos Roberts was acting as a Sergeant of Police with the NYPD.

16.   New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

17.   On January 26, 2016 plaintiff was at 765 FDR Dr Apt 7E New York, New York 10009 in the apartment of his grandmother.

18. Mr. DeJesus had been in the kitchen preparing food for himself and he had a kitchen knife in his hands.

19. Mr. DeJesus came out of the kitchen with the knife in his hands.

20. Shortly after midnight defendant Sergeant Carlos Roberts and his operator opened the apartment door and entered, without knocking, without permission and without an exigent circumstance to enter the premises.

21. Defendant Sergeant Carlos Roberts pointed his gun at Mr. DeJesus and ordered him to put the knife down.

22. Mr. DeJesus immediately placed the knife on a table to his right.

23. Mr. DeJesus told the defendant "I don't got anything."

24. Mr. DeJesus had not committed a crime nor was he about to commit a crime.

25. There were a few people in the apartment and none of them had committed nor were they about to commit a crime.

26. Nevertheless, defendant Sergeant Carlos Roberts fired his weapon at Mr. DeJesus striking him in the mid torso area; without any necessity to do so, from close range as the plaintiff was standing facing him doing nothing threatening to the defendant or to any of the other people in the apartment.

27. The defendant and a woman police officer, who upon information and belief was Sergeant Roberts' operator, immediately ordered all the witnesses out of the apartment.

28. Mr. DeJesus was conscious and was in extreme pain and concerned that he would die.

29. Mr. DeJesus was brought by ambulance to Bellevue Hospital where he was admitted.

30. Mr. DeJesus had multiple procedures performed, he lost one lung, one kidney and part of his liver and he has spent weeks in medical facilities due to his injuries.

31. To this date, Mr. DeJesus has not been charged with any crimes pursuant to the incident, nor was he guilty of any wrongful acts, nor was he attempting to commit any criminal acts as the shooting took place.

32. Mr. DeJesus has suffered from and will continue to suffer from permanent scarring; loss of bodily function; loss of internal organs; extreme physical pain; fear of dying; he is susceptible to serious medical complications as a result of his injuries and surgeries and he is otherwise severely harmed.

33. Mr. DeJesus was shot without justification, he was shot intentionally in a situation in which there was no justification to use any force much less the deadly force Sgt Roberts employed and there was no other contributing factor to his enormous harms other than Sgt. Roberts shooting him.

### FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION VIA THE USE OF EXCESSIVE, UNREASONABLE AND DEADLY FORCE

34. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

35. By reason of the forgoing, Sergeant Carlos Roberts violated plaintiff's rights under the Fourth Amendment of the United States Constitution as made applicable to the states via the Fourteenth Amendment to the United States Constitution, including his right to be free from the use of excessive, unreasonable and deadly force.

36. Defendant Sergeant Carlos Roberts intentionally shot the plaintiff, while acting as a state actor under color of law and he did so without legal justification.

37. Plaintiff's extensive ongoing physical harms are attributable to the unjustified shooting, committed by defendant Sergeant Carlos Roberts without the necessity to use any force much less the excessive, unreasonable and deadly force he employed.

38. Due to his being subjected to the use of excessive, unreasonable and deadly force, Mr. DeJesus has suffered from and will continue to suffer from permanent scarring; loss of bodily function; loss of internal organs; extreme physical pain; fear of dying; he is susceptible to serious

medical complications as a result of his injuries and surgeries; he was hospitalized; he will need medical care for the rest of his natural life and he is otherwise severely harmed.

39. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in an amount to be determined by the trier of fact and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### NEW YORK STATE COMMON LAW CLAIM FOR BATTERY

40. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

41. By the actions described above plaintiff was subjected to a battery via an intentional, harmful, unconsented and not privileged touching, to wit, being shot by Sergeant Carlos Roberts without justification to use any force much less the excessive deadly force he employed.

42. Defendant NYC is vicariously liable to the plaintiff, via the principle of *respondeat superior* for the battery committed by Sergeant Carlos Roberts and all other employees of the City of New York who may have committed the battery resulting in plaintiff's harms.

43. Due to the battery, Mr. DeJesus has suffered from and will continue to suffer from permanent scarring; loss of bodily function; loss of internal organs; extreme physical pain; fear of dying; he is susceptible to serious medical complications as a result of his injuries and surgeries; he was hospitalized; he will need medical care for the rest of his natural life and he is otherwise severely harmed.

44. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### NEW YORK STATE COMMON LAW CLAIM FOR ASSAULT

45. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

46.     By the actions described above plaintiff was intentionally placed in apprehension of an imminent, harmful and offensive contact.

47.     Defendant City of New York is vicariously liable to the plaintiff, via the principle of *respondeat superior* for the assault committed by Sergeant Carlos Roberts and all other employees of the City of New York who may have committed such tort resulting in plaintiff's harms.

48.     By reason of actions described above, plaintiff suffered and continues to suffer from fear, anxiety and various emotional harms and he was otherwise harmed.

49.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A)     Compensatory damages in the sum of Ten Million ($10,000,000) Dollars;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, plaintiff is entitled to an award of punitive damages on his federal cause of action against Sergeant Carlos Roberts in an amount to be fixed at trial;

(D)     An award to plaintiff of the costs and disbursements herein;

(E)     An award of attorney's fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: March 12, 2016
        New York, New York

_____/ s /_____
Fred Lichtmacher (FL-5341)
The Law Office of Fred Lichtmacher P.C.

*Attorney for Plaintiff*
2 Wall Street 10th Floor
New York, New York 10005
(212) 922-9066

To: The City of New York
Zachary Carter
Corporation Counsel NYC
Attorneys for Defendants
100 Church Street
New York, New York 10007

To: Sergeant Carlos Roberts
Police Service Area 4
130 Avenue C (corner of East 8th Street)
New York, NY 10009.