

<table>
<tr><td>ZACHARY W. CARTER<br>*Corporation Counsel*</td><td>THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY  10007</td><td>NANA K. SARPONG<br>*Senior Counsel*<br>Tel.: (212) 356-0827<br>Fax: (212) 356-3558</td></tr>
</table>

May 7, 2018

**BY ECF AND FAX**[1]
Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212)805-7927

        Re:    Julian Dejesus v. City of New York, et al.,
                 16-CV-1873 (NRB)

Your Honor:

      I am Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York ("City") and Sergeant Carlos Robert ("defendants") in connection with the above-referenced matter. I write on behalf of defendants in response to plaintiff's letters dated April 27 and May 2, 2018 (see Docket Entries Nos. 48 and 51) and in further support of defendants' opposition to plaintiff's letter dated April 20, 2018 requesting an informal conference to address certain purported deficiencies in defendants' discovery responses, (see Docket No. 39).

      As an initial, the undersigned writes to correct a previous statement made in defendants' letters dated April 27, and April 30, 2018.  (Docket Entries Nos. 47 and 49)  Based upon information received by this office, defendants indicated in their responses to plaintiff's application for an informal conference that plaintiff was not arrested.  However, after further investigation into the matter, it appears that plaintiff was designated as an Emotionally Disturbed Person ("EDP") and taken into protective custody to avoid any serious injuries to himself or others, pursuant to the Procedure No. 216.05 of the NYPD Patrol Guide.  As such, and in a good faith effort to avoid wasting the Court's time on this issue, this office has requested a thorough and expedited search for any Medical Treatment of Prisoner Form or Prisoner Movement Slip

---

[1] Pursuant to Section 2 (A) of Your Honor's Individual Practices, a courtesy copy of this letter will be faxed to the Court.

relating to the underlying incident and will produce the results of same to plaintiff promptly upon receipt.

Additionally, in his discovery demands, plaintiff requests that defendants "[p]roduce all complaints whether brought to the CCRB, IAB, Inspectional Services, in any Court of Law or to the Department Advocate's Office for illegal entries, excessive force, false arrest, malicious prosecution, theft and/or dishonesty brought against the defendants whether substantiated or not." Courts in this Circuit have held that evidence of prior or subsequent allegations of misconduct against police officers is not admissible in civil suits. See Valenzuela v. Abate, 92 Civ. 9309 (NRB), 1996 U.S. Dist. LEXIS 510 (S.D.N.Y. Jan.22, 1996); see also Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); Swift v. Mauro, No. 04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203, *2-3 (N.D.N.Y. July 7, 2008) (excluding evidence of complaints, internal affairs reports, and notices of claim on grounds that such testimony was not related to the truthfulness of plaintiff's allegations and probative value was slight); Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *9 (S.D.N.Y. Jan. 29, 2002) (holding that disciplinary records are inadmissible)

Nevertheless, in their response to plaintiff's request, defendants produced CCRB histories, IAB resume and Central Personnel Index of defendant Sergeant Roberts, which identifies complaints of misconduct that are similar in nature to those alleged in the complaint and false statement against Sergeant Roberts. Further, defendants properly interposed their objections to the production of unrelated and dissimilar complaints against Sergeant Roberts. Therefore, plaintiff's request for the allegations of misconduct against the defendant Sergeant Roberts that are unrelated and dissimilar is irrelevant and should be denied.

Finally, contemporaneous to the submission of this letter, defendants have produced a privilege log – although these objections were outlined in defendants' previous responses – outlining the redaction to Sergeant Roberts' disciplinary records and the aided card for the other officer present during the shooting on January 26, 2016.

In light of the foregoing, plaintiff's application for an informal conference to address certain discovery issues should be denied as moot. To the extent the Court is inclined to grant plaintiff's application, defendants respectfully request that that any conference to address discovery issues be held at a time convenient for the Court after May 10, 2018, so that plaintiff can respond to defendants' deficiency letter served on May 7, 2018, regarding plaintiff's discovery responses.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Nana K. Sarpong
*Senior Counsel*

cc via ECF:   Fred Lichmacher, Esq.